# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>MITCHELL LEVERETTE, in his official capacity as the State Director of the U.S. Bureau of Land Management's Eastern States Office, et al.,<br><br>*Defendants*. | Case No. 1:20-cv-02132-DLF<br><br>**STIPULATED SETTLEMENT AGREEMENT AND ORDER**<br><br>Honorable Dabney L. Friedrich |

This Stipulated Settlement Agreement ("Agreement") is entered into by and between Plaintiffs Center for Biological Diversity, Northeastern Minnesotans for Wilderness, and The Wilderness Society, and Defendants Mitchell Leverette, in his official capacity as the State Director of the U.S. Bureau of Land Management's ("BLM") Eastern States Office, U.S. Bureau of Land Management, U.S. Fish and Wildlife Service, and U.S. Forest Service (collectively, the Parties), who, by and through their undersigned counsel, state as follows:

WHEREAS, in 2012, the U.S. Forest Service issued a Final Environmental Impact Statement ("FEIS") and signed a Record of Decision consenting to approval of 28 prospecting permit applications;

WHEREAS, the Bureau of Land Management ("BLM") participated in preparation of the FEIS and, in 2012, signed a Record of Decision approving the 28 prospecting permit applications and thereafter issued permits for initial terms of two years, subject to Forest Service stipulations;

WHEREAS, Twin Metals and Duluth Metals applied for an extension of thirteen of these prospecting permits for four-year terms at least 90 days prior to the expiration of these original permits in 2014, as required by 43 C.F.R. § 3505.64;

WHEREAS, in March 2015, BLM completed and published its Determination of NEPA Adequacy worksheet;

WHEREAS, on May 1, 2020, BLM issued a decision approving four-year extensions on the thirteen prospecting permits, noting that the 2012 FEIS had considered not only the effects of the original permits, but also the effects of possible extensions;

WHEREAS, BLM did not conduct an Environmental Assessment under the National Environmental Protection Act ("NEPA") or an effects determination under the Endangered Species Act ("ESA") before approving the extensions for the thirteen prospecting permits;

WHEREAS, on August 5, 2020, Plaintiffs filed the above-captioned action alleging, among other things, that BLM's May 1, 2020 decision violated NEPA and the ESA; and

WHEREAS, BLM retains the authority and discretion to amend or issue a new decision that either approves or denies the requested extension of one or more of the thirteen prospecting permits based on the outcome of the additional NEPA and ESA analyses, and the U.S. Forest Service retains the authority and discretion as to whether to consent, *see Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015);

WHEREAS, Twin Metals holds the thirteen prospecting permits at issue in this case and has agreed not to engage in surface disturbing activities pending completion of the environmental analyses;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

    1. BLM will voluntarily reconsider—and will determine whether to amend, ratify, rescind, or supersede with a new decision—its May 1, 2020 decision authorizing the extension of 13 prospecting permits (MNES054387, MNES054050, MNES054194,

MNES054195, MNES054196, MNES053731, MNES055301, MNES055302, MNES055305, MNES053868, MNES054037, MNES055203, and MNES055206).

2. In the course of revisiting the May 1, 2020 decision, BLM will conduct an Environmental Assessment under NEPA on Twin Metals' applications to extend the thirteen prospecting permits, with the Forest Service participating as a cooperating agency.

3. BLM will hold at least a 30-day public comment period on the Environmental Assessment referenced in Paragraph 2, and will notify Plaintiffs when its written decision is issued.

4. In the course of reconsidering the May 1, 2020 decision, BLM will also complete an effects determination and, as appropriate, request initiation of any necessary ESA Section 7 consultation pursuant to 50 C.F.R. Part 402, or other applicable regulations in effect at the time the determination is made, regarding the potential effects of extending the thirteen prospecting permits on ESA-listed species and designated critical habitat.

5. BLM will not authorize surface disturbing activities for these thirteen prospecting permits pending BLM's issuance of the amendment, ratification, or new decision referenced in Paragraph 1, except for activities required of Twin Metals to remain in compliance with their state and federal permit requirements.

6. Plaintiffs reserve the right to challenge any alleged inadequacy in the NEPA analysis and ESA effects determination and/or consultation referenced in Paragraphs 2-4, including related decisions by BLM, the U.S. Forest Service, and the U.S. Fish and Wildlife Service.  Plaintiffs' sole remedy for challenging any such alleged inadequacy is to file a new civil action under the judicial review provisions of the Administrative Procedure Act or the ESA citizen suit provision.  In the event of a dispute concerning BLM's compliance with

Paragraph 5 of this Agreement, Plaintiffs shall provide Defendants with written notice of the perceived violation.  The Parties agree that they will meet and confer (either telephonically or in person) in a good faith effort to resolve any dispute before seeking further relief.  If the Parties are unable to resolve the dispute themselves, then Plaintiffs may seek an order from the Court to enforce BLM's compliance with Paragraph 5.  Plaintiffs agree that they will not seek contempt of court as an available remedy for any alleged violation of Paragraph 5.

7. Without waiving any defenses or making any admissions, Defendants agree to pay Plaintiffs $25,000 in attorneys' fees and costs.  Plaintiffs agree to accept the $25,000 from Defendants in full satisfaction of any and all claims, demands, rights, and causes of action for any and all attorneys' fees and costs Plaintiffs reasonably incurred in connection with this litigation through the signing of this Agreement.  The United States may offset the payment amounts to account for any delinquent debts owed by each Payee to the United States pursuant to 31 U.S.C. §§ 3711, 3716.  By this Agreement, Defendants do not waive any right to contest fees and costs claimed by Plaintiffs or Plaintiffs' counsel in any future litigation or continuation of the present action.

8. Plaintiffs agree to furnish Defendants with the information necessary to effectuate the $25,000 payment set forth by Paragraph 7.  Payment will be made to the Center for Biological Diversity by electronic funds transfer.  Defendants agree to submit all necessary paperwork for the processing of the attorneys' fees award within fifteen (15) days from receipt of the necessary information from Plaintiffs or from approval of this Agreement by the Court, whichever is later.

9. No part of this Agreement shall have precedential value in any litigation or in representations before any court or forum or in any public setting.  This Agreement is

executed for the purpose of settling Plaintiffs' Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

10. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the parties waives or relinquishes any legal rights, claims, or defenses it may have.

11. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

12. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. This Agreement contains all the terms of agreement between the Parties concerning the Complaint, and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

13. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority

to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

14. The terms of this Agreement shall become effective upon entry of an Order by the Court approving the Agreement.

15. Upon adoption of this Agreement by the Court, all counts of Plaintiffs' Complaint shall be voluntarily dismissed with prejudice in accord with FRCP 41.  Notwithstanding the dismissal of this action, the Parties hereby agree to comply with the terms of this Agreement subject to the limitations described in Paragraph 6.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  May 7, 2021                                            Respectfully submitted,

*/s/ Briena L. Strippoli*
BRIENA L. STRIPPOLI (MD Atty#0612130372)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Briena.Strippoli@usdoj.gov
(202) 305-0339 p. | (202) 305-0275 f.

*/s/ Leilani Doktor*
LEILANI DOKTOR (HI Atty#11201)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, DC 20044-7611
Leilani.Doktor@usdoj.gov
(202) 305-0447 p.

*Attorneys for Defendants*

*/s/ William J. Snape, III*
WILLIAM J. SNAPE, III (DC Bar No. 455266)
Center for Biological Diversity
1411 K Street NW, Suite 1300
Washington, DC 20005
wsnape@wcl.american.edu
(202) 274-4443

*/s/ Marc D. Fink*
MARC D. FINK (MN Bar No. 343407)
Center for Biological Diversity
209 East 7th Street
Duluth, Minnesota 55805
mfink@biologicaldiversity.org
(218) 464-0539

*/s/ Allison N. Melton*
ALLISON N. MELTON (CO Bar No. 45088)
Center for Biological Diversity
P.O. Box 3024
Crested Butte, CO 81224
amelton@biologicaldiversity.org
(970) 309-2008

*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

**Dated: _____**         Signed By: _____
                                          **Hon. Dabney L. Friedrich**
                                          **United States District Judge**